DEL WEBB CONSERVATION HOLD-ING CORP., an Arizona corporation, Plaintiff–counter–defendant–Appellee,

v.

Ronald TOLMAN, Defendant,

and

Brent S. Tolman; Jason Tolman; Larry Tolman; Charles Rocchio; Robbie Kell; Troy Michael Kell; Jeffrey Fegert; Teresa Fegert; Black Mountain Mining Inc.; Heavy Duty, LLC.; Tyrell Builders, LLC; Tim Edwards, Defendants–counter–claimants–Appellants.

No. 01–15587.

D.C. No. CV–98–00638–RLH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 12, 2002.

Decided July 12, 2002.

Before LAY,* THOMPSON and TALLMAN, Circuit Judges.

---

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit,

## MEMORANDUM\*\*

Del Webb Conservation Holding Corporation (Del Webb), an Arizona corporation, filed suit against several individuals (Black Mountain Claimants) in the United States District Court for the District of Nevada to quiet title to lands acquired through an exchange with the Bureau of Land Management. In the exchange, Del Webb took land subject to the Black Mountain Claimants' claims embracing the same area. Del Webb moved for summary judgment on the basis that the unpatented Black Mountain Claimants' claims were invalid because there had been no discovery of valuable minerals thereon. The court denied the motion without prejudice so that the defendants could engage in additional discovery. After the time for additional discovery had passed, Del Webb re-filed its motion for summary judgment, which the district court granted. The district court's opinion issued on January 30, 2001, stated:

> The Black Mountain Defendants have failed to come forward with a valuable mineral actually and physically found in quantity on any one of its mining claims. Instead, they offer a series of "what ifs" which is not enough to overcome the requirements of the applicable law. For example, the Black Mountain Defendants' expert has found that any valuable mineral traces located on the claims were "below detection." However, discovery requires proof "that the land was

mineral in character and that there [was] an adequate mineral discovery within the limits of the claim," *Cameron v. United States,* 252 U.S. 450, 456, 40 S.Ct. 410, 64 L.Ed. 659 (1920); this is the *"sine qua non"* of mineral discovery, *Davis v. Nelson,* 329 F.2d 840, 845–46 (9th Cir.1964). Considering the Black Mountain Defendants have proffered no tangible evidence of discovery of valuable minerals on their claims, no genuine issue of material fact exists to prevent Del Webb's motion from being granted.

We agree. Del Webb met its burden by reviewing the Black Mountain Claimants' samples and proving to the court by a preponderance of the evidence that no adequate mineral discovery had been made on the land.[1] We do not require the burden of cost of sampling and non-discovery to be shifted to Del Webb.

The Black Mountain Claimants also raise three additional claims: (a) the district court ignored evidence that Del Webb concealed relevant evidence; (b) Del Webb was estopped from challenging the validity of the Black Mountain Claimants' claims; and (c) the district court improperly dismissed the action without addressing the appellants' independent counterclaims.

As to the additional claims asserted by the claimants (a) there is no evidence that Del Webb concealed relevant evidence; (b) no evidence exists to demonstrate that Del Webb assumed a fiduciary relationship or

---

sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. The cases cited by the claimants are easily distinguishable. *E.g., Skaw v. United States,* 740 F.2d 932, 937 (Fed.Cir.1984). The court there observed:

> From our examination of these materials, it is quite clear that they were wholly inade-

quate to establish, by undisputed facts, that there was no deposit of gold or garnet on the claims, and that if there was such a deposit, it could not be mined and sold at a profit. *In these circumstances,* summary judgment should not have been granted on behalf of the [contestant] even had plaintiffs failed to present any opposing evidentiary material.

*Id.* (emphasis added).

was bound by contract, which would preclude Del Webb from invalidating the claims; and (c) the Black Mountain Claimants lack a cognizable right to the land and did not suffer an injury in fact; therefore, the Black Mountain Claimants have no standing to pursue their counterclaims.

Judgment AFFIRMED.